IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBBYE RENA HANNA, | § | |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. <u>4:19-cv-4621</u> |
| | § | |
| RYAN RHODE, MARTIN HOUSLER, | § | |
| EARL BROWNLOW (Word of Mouth | § | |
| Construction Company), "DOE" PRICE, | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, TERRY DONOHUE and | § | |
| EDWARD TREINEN, | § | |
|     *Defendants* | | |

## NOTICE OF REMOVAL

GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera"), pursuant to 28 U.S.C. § 1441 and 1446, files this Notice of Removal of the captioned action, Cause No. 2019-79751; *Robbye Rena Hanna v. Ryan Rhode, Martin Housler, Earl Brownlow (Word of Mouth Construction Company), "Doe" Price, GeoVera Specialty Insurance Company, Terry Donohue and Edward Treinen*, in the 189th Judicial District Court of Harris County, Texas. In support of this Notice of Removal, GeoVera submits the following:

1.    Robbye Rena Hanna commenced the captioned action by filing her Original Petition on November 1, 2019, in the 189th Judicial District Court of Harris County, Texas. Though GeoVera has not been served, it has the right to remove this case to federal court without being deemed to make a general appearance. Courts have held that filing a Notice of Removal does not constitute a general appearance. *Bramblett v. El Paso County, Texas, et.al.*; 2011 WL 11741275 (U.S.W.D. June 13, 2011); *Antonio v. Marino*, 910 SW2d 624, 629 (Tex. Civ. App.— Houston [14th Dist.] 1995, no pet.); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428F.3d 206, 210 (5th Cir. 2005); *Lambert Run Coal Company v. Baltimore and Ohio Railroad*,

1

258 U.S. 377, 382; 42 S. Ct. 349; 66 L. Ed. 671 (1922); *Morris and Company v. Skandinavia Insurance Company*, 279 U.S. 405, 409; 49 S. Ct. 360; 73 L. Ed. 762 (1929); and *Omni Capital Intern., Ltd. v. Rudolph Wolff and Company, Ltd.*; 484 U.S. 97, 104; 108 S. Ct. 404; 98 L. Ed. 2d 415 (1987).

2.      GeoVera requested certified copies of all process, pleadings, and orders from the Harris County District Clerk.  GeoVera has attached the certified copies as Exhibit "A" to this Notice of Removal.

3.      The petition alleges that Plaintiff was the owner of her residence at 1515 Grand Valley Drive, Houston, Texas 77090, and further stated that she resided in the County of Harris and City of Houston, in Texas.  Upon information and belief, it is believed that Plaintiff is a citizen of Texas, duly residing at 1515 Grand Valley Drive, Houston, Texas 77090.  The petition further alleges that Defendant, GeoVera Specialty Insurance Company, is a business and a resident of California.  In fact, GeoVera is a California corporation whose principal place of business is indeed in California.

4.      Defendant, Ryan Rhoades, incorrectly named Ryan Rhode ("Rhoades"), is a resident and a citizen of the state of Indiana.  Defendant, Martin Housler ("Housler"), is a resident and a citizen of the state of Texas, but has been improperly joined.  Defendant, Terry Donohue ("Donohue"), is a resident and citizen of the state of Florida.  Defendant, Edward Treinen ("Treinen"), is a resident and citizen of the state of California.  Earl Brownlow (Word of Mouth Construction) ("Brownlow") and "Doe" Price ("Price") are also improperly joined.  They are alleged contractors who have nothing to do with the insurance claims filed by Plaintiff against GeoVera and its adjusters on those claims, Rhoades, Housler, Donohue, and Treinen, or any of the insurance related causes of action.

5.      Improper joinder can be established by showing the inability of the Plaintiff to establish a cause of action against the non-diverse party in state court.  *Vyas v. Atain Specialty Insurance Company*, 380 F Sup. 3d 609 (S.D. Tex. 2019); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  The issue is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc).  Where the insurer elected to assume liability of its agents before the lawsuit was filed against the agents as defendants, the agents have been improperly jointed.  *Vyas*, Supra at 612-613; *Electro Grafix Corporation v. Acadia Insurance Company*; 18-CA-589; 2018 WL 3865416 (W.D. Tex., Aug. 14, 2018).  The court has the right to consider the election letter sent by GeoVera, find that Plaintiff has no possibility of recovery against the individual agents/adjusters herein (Rhoades, Housler, Donohue, and Treinen), and dismiss the claims against those adjusters with prejudice, as Texas law requires when an insurer has accepted its agents' liability through written notice to the insured.  *Vyas*, Supra at 613; Texas Insurance Code § 542A.006(a)-(b).

6.      Housler is the only defendant who has been served as of the date of this removal. He has been improperly joined.  Housler and Rhoades worked with Team One Claims.  Donohue and Treinen worked as adjusters for GeoVera.  By letter dated May 31, 2019, before the state court case was filed by Plaintiff, GeoVera accepted whatever liability any of its agents had with respect to the claims presented to GeoVera by Plaintiff at that point.  Such letter stated that:

> Pursuant to Section 542A.006 of the Texas Insurance Code, GeoVera elects to accept whatever liability an "agent" might have to you for the "agent's" acts or omissions related to the referenced Water/Plumbing Claims and referenced Hail Claim (see attached Exhibit "B").

3

Thus, Housler will and must be dismissed from this case.

7.      Plaintiff has also improperly joined Brownlow and Price.  Plaintiff alleges that Brownlow and Price engaged in an illegal pyramid scheme.  This is the only cause of action brought against Brownlow and Price out of four causes of action and in a ten page petition.

8.      "Pyramid Promotional Scheme" is found at B&CC § 17.461.  It requires a plan or operation by which a person gives consideration for the opportunity to receive compensation that is derived primarily from a person's introduction of other persons to participate in the plan or operation . . .  Here, neither Brownlow nor Price ever provided consideration to anyone else to receive a contract for remodeling Plaintiff's residence if these insurance claims were accepted and paid by GeoVera, nor does Plaintiff plead such.  Further, Plaintiff never entered into a contract with Brownlow or Price, nor does she plead such.  In sum, Plaintiff has improperly joined Brownlow and Price solely to defeat diversity jurisdiction without adequately pleading sufficient causes of action against them.

9.      The case law in this area is clear.  Improper joinder can be shown by showing that Plaintiff has failed to establish a cause of action against a non-diverse party in state court.  *IEVM v. United Energy Group, Ltd.*, 818 F.3d 193 (5th Cir. 2016); *Smallwood* Supra at 573, quoting *Travis v. Irby*, Supra at 647.  The test, however, is simply that the federal court has jurisdiction over the diverse defendants, not that the plaintiff has no claim at all against the non-diverse defendant.  *IEVM*, Supra at 206.  The analysis is based upon a federal pleadings standard, not a state pleadings standard, *Id.* at 208; *Smallwood* Supra at 573-74; *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005), and whether Plaintiff pleaded enough facts to state a claim for relief that is plausible on its face.  *IEVM*, Supra at 208; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

547; 127 S.Ct. 1955; 167 L. Ed. 2d 929 (U.S. 2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 684; 129

S.Ct. 1937; 173 L. Ed. 2d 868 (U.S. 2009).

10.     The question in determining whether the plaintiff made out a cause of action against

the non-diverse party, is what the plaintiff might prove in the future.   *Hoyt v. Lane Const. Corp.*,

927 F.3d 287 (5th Cir. 2019); *Smallwood*, Supra at 573.

11.     Here, Plaintiff has alleged that "Brownlow submitted a bid and wanted the job for

the loss of 07-25-19."   (*See,* Plaintiff's Original Petition, p. 5, attached hereto as Exhibit "C").

"Defendants Brownlow and Price had telephone conferences on or about October 30, 2017.

Defendants tried to convince Plaintiff to hire them as contractors." *Id.*   Plaintiff goes on to state,

"Plaintiff declined their services because no contractor had been selected." *Id.*   Plaintiff further

claims, "Defendant Donohue was the Mastermind behind the Pyramid Promotional Scheme by

setting up a Pyramid Promotional Scheme that required a contract for employment for Defendants

Brownlow and Mr. Price . . . a contract was established . . . Plaintiff did not have a contractor

selected and declined Defendants Brownlow and Price services." *Id.*

12.     Plaintiff's pleading clearly indicates that it does not meet the federal standard of

proper pleading.   These claims against Defendants Brownlow and Price do not even state a claim

upon which relief can be granted and fail under Rule 8(a)(2) and 9(b) of the Federal Rules of Civil

Procedure.   *See, Twombly*, Supra at 555, and *Ashcroft v. Iqbal*, Supra at 679.   *See,* also, *Gonzales

v. State Farm Lloyds*, 326 F. Supp. 3d 346, 351 (S.D. Tex. 2017) and *Khan v. Allstate Fire & Cas.

Ins. Co.,* 2012 WL 1601302 (S.D. Tex. May 7, 2012).   To even properly plead a pyramid

promotional scheme requires consideration given for the opportunity to receive compensation that

is derived from an introduction of other persons to participate in a plan or operation.   Here, Plaintiff

admits she never entered into a contract with Brownlow or Price, and declined their services.   Thus,

Brownlow and Price were not parties to an alleged illegal pyramid promotional scheme, have been improperly joined, and must be dismissed.

13. Plaintiff also cannot be heard to complain about Brownlow and Price not consenting to removal. "In cases involving alleged improper . . . joinder of parties, however, application of this requirement [consent] to improperly . . . joined parties would be nonsensical . . ." *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Plaintiff's claims against Brownlow and Price need to be ignored for diversity jurisdiction. They will be dismissed.

14. Plaintiff's petition also seeks damages of more than $75,000. This satisfies the threshold requirement with respect to the amount in controversy.

15. To prevent removal, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."[1] This was not done by Plaintiff because she pled the requisite amount for the federal court to accept jurisdiction.

16. It is believed that Brownlow and Price are also Texas residents, but as stated above, they have not been served. Therefore, their citizenship under U.S.C. § 1441(b)(2) does not prevent removal and as also stated, they were improperly joined.

17. The election by GeoVera referenced above makes clear that Rhoades, Housler, Donohue, and Treinen must be dismissed from this action pursuant to Rule 542.006 of the Texas Insurance Code.

18. This notice of removal is being filed within thirty (30) days of the filing of the original petition and is therefore timely under 28 U.S.C. § 1446(b).

19. GeoVera does not admit the underlying facts as alleged by Plaintiff in her original petition or as summarized above. GeoVera expressly denies that it has any liability to Plaintiff.

---

[1] *D. Aguilar v. Boeing Company*, 11 F.3d 55, 58 (5th Cir. 1993).

## DIVERSITY JURISDICTION

20.     This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a),     and     this matter is removeable to this court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship between the real parties in interest with respect to the causes of action that will be dismissed, and the amount in controversy exceeds $75,000 exclusive of interests and costs. Plaintiff is a resident of Harris County, Texas.  GeoVera is incorporated in California with its principal place of business in California.  Martin Housler, the only Defendant served with citation, has consented to this removal.  (See attached Exhibit "D").

21.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332(a).  Plaintiff has not irrevocably limited her damage claim at or below $75,000 exclusive of interest and cost.

## REMOVAL PROCEDURE

22.     The Clerk of the 189th Judicial District Court of Harris County, Texas, has been provided notice of this removal.

23.     The following exhibits are attached to this notice and incorporated herein by reference:

a.      Index of matters of being filed;

b.      List of all parties and counsel of record; and

c.      Certified copies of documents contained in the state court file of the 189th Judicial District Court of Harris County, Texas.

## CONCLUSION

24.     Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, GeoVera removes this case to this court for trial and determination.

7

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN &
  HUBBARD, A LAW CORPORATION

By:         */s/ Michael W. McCoy*
                    _____
                    Michael W. McCoy
                    SBN:   13471850
                    FBN:   3801
                    mmccoy@lawla.com
                    801 Travis Street, Suite 1800
                    Houston, Texas 77002
                    PH:     (713) 222-1990
                    FAX:   (713) 222-1996

                    Seth A. Schmeeckle
                    SBN:   24072911
                    FBN:   1089327
                    sschmeeckle@lawla.com
                    LUGENBUHL, WHEATON, PECK, RANKIN &
                          HUBBARD, A LAW CORPORATION
                    601 Poydras Street, Suite 2775
                    New Orleans, Louisiana  70130-6041
                    PH:     (504) 568-1990
                    FAX:   (504) 310-9195

                    ATTORNEYS FOR GEOVERA
                    SPECIALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 25th day of November, 2019, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile, properly addressed to:

Robbye Rena Hannah                 *Via Email and First Class U.S. Mail*
1515 Grand Valley Drive
Houston, Texas 77090
PH:     (713) 498-7240
FAX:   (832) 442-5518
rrhannah8@gmail.com
*Pro Se*

                    */s/ Michael W. McCoy*
                    _____
                    Michael W. McCoy