2019 79751
2019.79751                                                                              189th

**___ JUDICIAL DISTRICT COURT OF THE STATE OF TEXAS**
**FOR THE COUNTY OF HARRIS**

PlO

| | |
|---|---|
| ROBBYE RENA HANNAH | **DEMAND JURY TRIAL** |
| PLAINTIFF | HOMEOWNER INSURANCE CLAIMS |
| V. | DOL: July 25, 2017 and August 26, 2017 |
| MR. RYAN RHODE | |
| MR. MARTIN HOUSLER | |
| MR. EARL BROWNLOW (Word of Mouth Construction Company) | **FILED** |
| MR. (DOE) PRICE | Marilyn Burgess |
| DEFENDANTS | District Clerk |
| UNITED STATES SOUTHERN DISTRICT COURT-HOUSTON DIVISION | NOV 0 1 2019 |
| (OTHER DEFENDANTS 4:-19 cv-2659) | Time: 11:30 am |
| GEOVERA SPECIALTY INSURANCE COMPANY | Harris County, Texas |
| Mr. TERRY DONOHUE | By_____ Deputy |
| Mr. EDWARD TREINEN | |
| ATTORNEY MICHAEL MCCOY | |

**PLAINTIFF'S ORIGINAL PETITION**

1. The court has the authority to hear the type of case or controversy initiated in its court such as State law claims for breach of contract, fraudulent concealment and conspiracy; negligent misrepresentation; and several violations of the Texas Insurance Code; Texas Deceptive Trade Practices Act for intentional and knowing conduct. Deceptive Trade Practice Act(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the Consumer Protection Division under Sections Business Commerce Code; PROMOTING PYRAMID SCHEME; Violation State Consumer Protection Act; Unlawful prohibited Conduct. Plaintiff and Defendants are Citizens from the same State. This Court has power of a Court to adjudicate a particular type of matter and provide the remedy demanded in the Business of Insurance; Companies and Adjusters.

2. Several Violations of Texas Insurance Code: 541.060:(a)(1)(2)(A)(3)(4)(A)(5)(7); 542.003 (a)(b)(1)(2)(3)(4); 542.051 et. seq (1)(2)(A)(B)(3)(4); Deceptive Trade Practice Act 1746a}(b), (1)(2)(3)(4)(5)(8)(12)(14)}(21) As defined by 17.461 Business and Commerce (27), and; 17.47, 17.58, 17.60, and 17.61 of this code; pyramid promotional scheme, and Sec. 17.461-Promoting Pyramid Promotional Promotional Scheme: (1), (2), (4), (5A), (5B); (6C), 1750 (a)(1)(A)(B)(2)(3)(4)(b)(1)(2)(3)(4)(h); and 17.62(a)

**PERSONAL JURISDICTION**

3. The Court satisfies the requirement that a given court have power over the Defendants, based on

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

minimum contacts with the forum. Defendants and Business are Citizens of the State of Texas as well as Plaintiff.

## VENUE

**4.** Pursuant to 28 U.S.C. 1391(b) Venue is proper because the events giving rise to the allegations in this complaint occurred in this District. Also the Contract (s) upon which this action is based was made and was to be performed in the County of Harris, State of Texas. That Contract provides that the County of Harris is the proper venue for any action arising out of the agreement.

## AGENCY AND CONCERT OF ACTION

**5.** GeoVera Specialty Insurance Company contract term June 20, 2017-June 20, 2018 for the Date of Loss July 25, 2017 and August 26, 2017. On July 25, 2017- Plumbing water related Collapsed and Decayed Cast Iron Household and Underground Pipes hidden between the walls and from public view; Plumbing Water related- HVAC leak; Pipes bursted/cracked-Major water damage to upper/lower ceilings, walls, floors and personal property. Date of Loss-August 26, 2017- Hurricane Harvey Wind Driven/Wind Driven Rain damaged Building before surface/flood water entered building.

**6.** Pre-Suit notice mailed to all Defendants. GeoVera elect to take responsibility for "All Agents" wrongful acts committed against Robbye R. Hannah by omission or commission pursuant to section 542A.006 of the Texas Insurance Code. Plaintiff Lawsuit filed on July 19, 2019 in USSDC. Civil Summons served to GeoVera Specialty Company; Mr. Terry Donohue and Mr. Edward Treinen out of State Defendants, in August 2017. The lawsuit was filed against GeoVera Specialty Insurance Company et. al . GeoVera confirmed several months later on October 9, 2019 never intended to elect to take legal responsibility for the in State Defendants. Plaintiff and Defendants are Citizens of the same state and complaint must be filed in State Court.

## PARTIES

**7.** Plaintiff Robbye R. Hannah is and all times mentioned herein was an individual who resides in the county of Harris, and city of Houston, of Texas; 1515 Grand Valley Drive, Houston, Texas 77090

**8.** Defendant Martin L Housler is an individual and resident of Texas; 1015 Golden Acres, Buffalo, Texas 75831

**9.** Defendant Mr. Earl Brownlow- Word of Mouth is a Business and resident of Texas; 600 Westwood Drive, Sherman, Texas 75092-5667

**10.** Defendant Doe Price-is an individual and resident of Texas- 600 Westwood Drive, Sherman, Texas 75092-5667

**11.** Defendant Ryan Rhode-Hurricane Harvey Adjuster possibly a citizen of Texas. Pre-Suit Notice mailed to GeoVera Specialty Insurance Company. Geovera refuses to provide Defendant name and address- unknown

**12.** Defendant GeoVera Insurance Company is a Business and a resident of California

13. Defendant Terry Donohue is an individual and a resident of Florida

14. Defendant Edward Treinen is an individual and resident of California.

15. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 68, inclusive, are unknown to Plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these defendants when the same has been ascertained.

16. Plaintiff is informed and believes that each fictitiously named defendant is responsible in law and in fact for the obligation alleged herein. Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendants was acting within the scope and course of his business, agency and employment.

17. Adjusters as well as Business engaged in the business of Insurance can be held individually liable and have a duty to act in good faith.

18.                               **COMPLAINT:**

19. Count 1 Breach of Contract
20. Count 2 Improper and Substandard Inspection
21. Count 3 Promoting Pyramid Promotional Scheme
22. Count 4 Unfair Settlement Practice
23. Count 5 Judicial Disqualification

COMES NOW, the PLAINTIFF ROBBYE R. HANNAH, Pro Se and alleges and complains as follow:

## COUNT 1 BREACH OF CONTRACT

24. Cover loss occurred during the contractual term June 20, 2017-June 20, 2018 that GeoVera Specialty Insurance Company issued Homeowner Insurance Policy and was still in effect: Date of cover loss 07/25/2017; HVAC plumbing leak water related major water damage to the upper and lower level, ceilings, walls and floors; and collapsed decayed cast iron household drains hidden from between the walls from public view. Date of cover loss 07/25/17 decayed collapsed underground pipes not visible to public view 07/25/2017. Date of cover loss 08/26/2017-Wind Driven/Rain

25. Plaintiff alleged breach of the insurance policy and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") Business Commerce Code. The mishandling of Plaintiffs' claim has also caused a delay in her ability to fully repair her home, which was resulted in additional damage and resulted in claims filed not paid. To this date, Plaintiff had yet to receive the full payment to which Plaintiff also is entitled under the Policy.

## COUNT 2 " IMPROPER" AND "SUBSTANDARD" INSPECTION

26. (a) Plaintiff alleges and incorporates by reference each and every allegation contain in paragraph one through twenty-six above.

26. Defendant Rhode conducted an "improper" and "substandard" investigation on or about 9/4/ 2017; because he spent an inadequate poor amount of time inspecting Plaintiffs building and assessing accurate damages. Defendant neglected to inspect entire home because he did not have proper attire a mask and boots. Defendant power walked through home because of the smell, taking pictures quickly.

27. Defendant refused or was scared to inspect certain rooms because the water had not receded and floors were not visible. Plaintiff asked how he was going to inspect if he refuses to enter rooms. Defendant replied, "He can take pictures from the entrance of the rooms." and did not inspect. Defendant failed to inspect Plaintiff entire home and failed to identify all damages to the interior home and personal contents. Plaintiff home is over 4000 square feet and Defendant Rhode was done with interior of home within 30 minutes.

28. Plaintiff asked about the water damage to upstairs flooring, ceilings in all rooms upstairs and landing area were soaked and wet. Plaintiff explained the Jack and Jill bathroom overflowed several hours before Harvey and sewer did not back up. Water was cleaned from floor and toilet water level is the same when evacuated. The lower foyer ceiling was on the verge of collapsing. Plaintiff requested Defendant to inspect all three attics to identify the water damages.

29. Defendant refused to check any attics and informed Plaintiff he will give her an answer after he checked the roof. Defendant asked about the Upper Foyer Ceiling. Plaintiff explained the major water damage that occurred July 25, 2017 and wanted to know why the upper and lower ceilings were wet again as well as the upper level floors and foyer area.

30. Defendant took pictures of the other property, Fence, Shed and Carports but failed to inspect the other property damages and personal belongings inside. Plaintiff observed Defendant inspect and measured roof distance from point A to B. Defendant did a detail roof inspection, took photographs and roof inspection was approximately over an hour; twice as long as the interior inspection. Defendant did not inspect or take pictures of the vehicle that was on Plaintiff grass and blocked the driveway, ran over underground sprinklers, uprooted Palm Tree and crashed into Plaintiff three Tier Concrete Waterfall and Angel head Waterfall and flower bed water sprinkler.

31. Defendant informed Plaintiff there were not any openings in the roof, shingles were good, and no hail damage. Plaintiff disagreed and asked about inspecting the attics. Defendant informed Plaintiff he did not need to and instructed Plaintiff to Gut out the first floor, take everything out, and home received 4.5 feet of surface water, and inspection report will be mailed in seven days. Plaintiff received denial letter on or about September 13, 2017 that building was damaged by surface water. Plaintiff was denied copy of inspection report.

32. Plaintiff was harmed and injured by Defendant for failure to report all damages observed, complete a damage estimate and resulted in an unreasonable investigation and non-payment of claim for wind damages covered in policy; which caused additional water damages to Plaintiff new construction built.

33. Defendant was aware the contract covered the building wind driven damages and personal contents and failed to fully and properly execute a damage estimate to repair home and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

34. Defendant lied that there were not any openings in the roof. The State of Texas intervened and had to remove all three HVAC systems and Condensers, Installation and Arvents.

35. Plaintiff alleged breach of the insurance policy and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") The mishandling of Plaintiffs' claim has also caused a delay in her ability to fully repair her home, which was resulted in additional damage and resulted in claims filed not paid. To this date, Plaintiff had yet to receive the full payment to which Plaintiff also is entitled under the Policy.

36. Because Defendant improper and substandard inspection that resulted in claims unpaid Plaintiff was a victim and subjected to other Defendants PROMOTING PYRAMID SCHEME.

## COUNT 3   PROMOTING PYRAMID SCHEME

37 (a) Plaintiff alleges and incorporates by reference each and every allegation contain in paragraph one through thirty- seven (a) above.

37. Defendant Brownlow insisted that Plaintiff and Mr. Mayo have a telephone conference with his boss Mr. Price on or about October 28, 2017. Defendant Brownlow submitted a bid and wanted the job for the loss 7 25 19 insisted that Plaintiff did not need a Public Adjuster or another company to submit an itemized bid. Defendant was informed at least three itemized bids is needed before a contractor is selected.

38. Defendant Brownlow completed bid on or about October 26, 2017 and charged a fee $250.00. Fee was paid. Defendant wanted the job. Defendants Brownlow, Mr. Price had telephone conference on or about October 30, 2019. Defendants tried to convince Plaintiff to hire them as the contractors. Defendants are very knowledgeable and experts in their field and worked many Hurricanes and Floods over the years and very familiar with GeoVera. Defendants offered references and explained Defendants are experts in their field.

39. Defendants explained that insurance companies are the most corrupt organizations/businesses in the world. Defendants offered if Plaintiff hired them as Plaintiff's contractor, Plaintiff won't have to deal or talk with the insurance company. Defendants are knowledgeable and experts in their field with years of experience and will handle Plaintiff claim from beginning to end and get Plaintiff home repaired. Plaintiff will be able to keep the twenty percent Public Adjusters charge or forty –five percent attorneys' charge. Plaintiff will be able to keep that money in her pocket.

40. Plaintiff asked Defendants why their contract was based on Hurricane Harvey and not the loss that occurred before Harvey. Geovera is not going to approve the contract. The contract includes the fence and carport/ shed. Defendants reiterated about how corrupt the insurance industry is and Defendants will be able to get it approved. Plaintiff declined their services because no contractor had been selected.

41. Defendant Donohue called on or before 11/1/2017 and introduce himself as the Claims Adjuster on Plaintiff Case for the Date of Loss 06/28/17 and 07/25/19. Defendant argued with Plaintiff that her home was damaged by massive water from the air-vents; tried to persuade Plaintiff not to file Collapsed Household Drains and Underground Pipes and only file the Water Damage from HVAC leak; Mold Mildew , Fungi because its covered and that's enough. Threatened Plaintiff home insurance will go up because of multiple claims and directed Plaintiff to contact Insurance Agent to file Pipes on different claim.

42. Defendant Donohue only initiated **one** call to Plaintiff on November 1, 2017 to introduce himself refused to call and communicate with claimant about the status of her case and refused to respond to any emails and worked directly with unauthorized illegal contractor Defendant Brownlow.

43. Defendant Housler on or about 11/1/ 2017 instructed Plaintiff a contractor is required and necessary at home inspection 11/4/17. Plaintiff didn't have contractor and informed Defendant that Mr. Edward Green will attend on behalf of Plaintiff. Defendant Housler required a contractor be present. Mr. Brownlow was asked to attend home inspection 11/4/2017.

44. Defendant Housler only called Plaintiff twice during claims process: Once to introduce himself and on or before November 9, 2017. He refused to call and communicate with Plaintiff about the status of her case and refused to respond to any emails.

45. Home Inspection was over 4 hours. Mr. Edward Green attended on behalf of Plaintiff. Defendant Brownlow and Mr. Price attended based on the requirement of Defendant Housler. Plaintiff was instructed to contact Insurance Agent and file a total roof replacement for hail damage. Damage Estimate was completed to bring home back to marketable conditions. Defendant Housler refused to speak with Plaintiff about the Damages after home inspection and left as well as Defendant Mr. Price and Mr. Brownlow.

46. Defendant Housler refused to speak with Plaintiff after inspection and go over damages. Defendant Brownlow shared with Mr. Green that he spoke with Terrence and Terrence informed him that Ms. Hannah home was damaged by massive amounts of water from the Air-Vents.

47. Fraudulent Concealment and Conspiracy- In October 2017 Defendants Housler; Donohue and Brownlow had a meeting of the minds. Defendant Donohue was the Mastermind behind the Pyramid Promotional Scheme by setting up a Pyramid Promotional scheme that required a contract for employment for Defendants Brownlow and Mr. Price; compensation, and financial gain; a contract was

established, combination or conspiracy, in restraint of trade or commerce and is in violation of the Texas Insurance Code; Deceptive Practice Trade Act.

48. Plaintiff did not have a contractor selected and declined Defendants Brownlow and Price Services. Defendant Donohue had Defendant Housler lie to Plaintiff a contractor was required and necessary at the home inspection 11/4/2017 to get the Damage Estimate and place an estimated itemized bid. Defendants created a monopoly to block other business companies to submit and itemized bid and denied Plaintiff a copy of the damage Estimate to make sure the monopoly succeeded without interruption.

50. Defendant Housler failed to fulfill his duty it was Defendant Housler job to go over the Damage Estimate with Plaintiff. Plaintiff requested Defendant Housler contact information to scan and email evidence. By Defendant Housler refusal and failure to give Plaintiff contact information to submit evidence Defendant breached acting in good faith and fair dealing. Defendant informed plaintiff he did not want to work with plaintiff and pleaded for Mr. Green number. Plaintiff refused to provide Mr. Green number.

51. By Defendant Housler refusal to work with Plaintiff and denied Plaintiff copy of Damage Estimate and gave copy to an illegal contractor Defendant Brownlow, Defendant Housler breached the contract. Plaintiff Robbye R. Hannah name is on the contract and is the Policyholder for the loss residence, and name on the name on the Deed of Trust filed with the court.

52. Defendant Housler ignore email Cease and Desist, Defendant Brownlow harassed and bullied Mr. Mayo for Mr. Ed number (a.k.a Mr. Green.) texted and voice mails. Defendant Brownlow and Housler wanted Mr. ED number to try and get him to sign the contract on behalf of Plaintiff as an LOR instead of the LOA Mr. Ed signed so Defendants Brownlow and Price could have the job. Mr. Ed instructed after the home inspection not to give Defendants his number and he doesn't ever want to see Defendants again.

53. Outrageous malicious tort acts-Defendant Brownlow called Mr. Mayo out of his name because he ignored him. Mr. Mayo responded.  The verbal abuse and profanity began (meet me around the corner. I am going to kick your ass), that came to a close physical altercation, possibly gun violence, that would cause bodily injury, bodily harm or possibly death. Plaintiff family and friends insisted on accompanying Plaintiff to roof inspection for protection. Plaintiff declined and did not go. No life is worth a homeowner insurance claim.

54. Plaintiff was stripped of her rights-breaking and entering. Defendants didn't inspect the roof. Plaintiff window was left opened. Prohibited unlawful conduct. Defendants engaged in Mafia and loan shark behavior and did not act business like. Defendant Brownlow bid is based on the information Defendant Donohue shared with Defendant Brownlow. It was discovered almost a year later the three metal flue caps were damaged and one demolished by the wind and created an opening

55. On or about Nov 9, 2017 Defendant Housler called Plaintiff and needed a letter from HVAC company that Plaintiff Drainage problem from HVAC system was fixed and lower level flooring was damaged. Defendant Housler informed Plaintiff he close the case and submitted Defendant Brownlow bid to

Defendant Donohue. And informed Plaintiff Defendant Donohue gave Defendant Housler permission to work with Defendant Brownlow. Agreed to email Plaintiff copy of Estimate but recused himself and claim was illegally closed to cover up the defendants Pyramid Promotional Scheme on January 5, 2018 by Defendant Donohue and reopened with the assistance of ABM Insurance that was made aware of the Promotional pyramid Scheme in November 2017, created by Defendant Donohue.

56. Plaintiff was harmed by Defendants participation in a PYRAMID PROMOTIONAL SCHEME resulted from the President declared a disaster area and resulted from claims not paid. Defendant Brownlow bid is based on the information Defendant Donohue shared with Defendant Brownlow. Plaintiff home was damaged by wind driven rain. It was discovered almost a year later the three metal flue caps were damaged and one demolished by the wind and created an opening. It's on Defendant Brownlow contract submitted in October 2017. Defendant Brownlow did not inspect the roof.

57. Defendants were aware the loss was covered in Plaintiff contract. Plaintiff was injured by Defendants and business Word of Mouth Construction because of wrongful, negligent acts committed and Defendants Housler and Donohue not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear, because it is upon their investigation that the insurance company's settlement of a claim is generally based

58. Plaintiff alleged breach of the insurance policy and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") Business Commerce Code and Malicious Tort Act, Violation of State Consumer Protection Act and Public Trust. The mishandling of Plaintiffs' claim has also caused a delay in her ability to fully repair her home, which was resulted in additional damage and resulted in claims filed not paid. To this date, Plaintiff had yet to receive the full payment to which Plaintiff also is entitled under the Policy. Defendant Donohue informed Defendant Brownlow about the wind driven damages and failed to inform Homeowner or pay the claim. Bad Faith-Defendants Broke the law. Only Attorneys and Public Adjusters can handle a claim from beginning to end with Insurance companies.

### COUNT 4   UNFAIR SETTLEMENT PRACTICE

59.  (a) Plaintiff alleges and incorporates by reference each and every allegation contain in paragraph one through fifty-nine(a) (a) above.

59. Plaintiff and Edward Green mailed ABM Insurance and GeoVera a Written Formal Notice of Claim delivered on or about October 21, 2017. GeoVera didn't respond. ABM filed the claims on November 1,

60. Home Inspection completed 11/4/17. Defendant Housler abandoned case because of PYRAMID PROMOTIONAL SCHEME. Defendant Donohue received all evidence and documentation for the loss 07/25/2017 and accepted the delay and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and lied to Plaintiff January 5, 2018 case will be transferred to another adjustment for payment and closed case to cover up Promotional Pyramid Scheme.

61. Defendant Edward Treinen subjected Plaintiff to additional inspections. The companies contracted validated the loss 07/25/17. Defendant Treinen mailed plaintiff proof of loss work paperwork after all

inspections were completed. Plaintiff received proof of loss paperwork on February 14, 2018 due on about April 3, 2018. Defendant Treinen closed case before proof paperwork due. Denial notice in March dated on or about the 6th of March 2018.

62. Denial notice consist of misrepresentation of a material fact, fraudulent false statements not to pay a valid claim covered in insured policy. All companies contracted by GeoVera validated the loss for 07/25/17. Plumbing companies warned Defendants if the Plumbing collapsed and decayed household and underground pipes are not replaced the ceiling may possibly fall again, water enter structure from underground and damage new construction. GeoVera ignored the warnings and Plaintiff new construction is damaged.

63. Defendants Treinen and Donohue affirmed the coverage but did not pay the claim, intentional unreasonable delays, and did not offer reason why except the false written statements Defendants cannot change their mind and not pay the claim. The Defendants broke the law.

64. Defendant Treinen and Donohue were the Adjusters responsible for evaluating insurance claims- and have the ability to affect or bring about the 'prompt, fair, and equitable settlement of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based. But did not and delayed claims intentionally, pretended as if they were processing to pay claims.

65. Plaintiff discovered latter part of 2018 that Defendant Treinen closed case 02/09/18 before Proof of Loss Statement was mailed. Defendants committed this wrongful act because Plaintiff would not give Defendant Brownlow the job "Teaching Insured a lesson" and exposed their Promotional Pyramid Scheme to ABM. Promotional PYRAMID Scheme interfered with all claims filed and resulted in not paid.

65. Plaintiff alleged breach of the insurance policy and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") Business Commerce Code. The mishandling of Plaintiffs' claim has also caused a delay in her ability to fully repair her home, which was resulted in additional damage and resulted in claims filed not paid. To this date, Plaintiff had yet to receive the full payment to which Plaintiff also is entitled under the Policy.

66.                              **JUDICIAL DISQUALIFICATION**

67. (a) Plaintiff alleges and incorporates by reference each and every allegation contain in paragraph one through sixty-seven (a) above.

67. GeoVera Specialty Insurance Company et. al. refused to provide the name of the Hurricane Harvey Adjuster and location. Pre-Sui was mailed to GeoVera Specialty Insurance Company.

68. GeoVera Specialty Insurance Company et. al refused to provide the location of Defendant Donohue and Treinen. Plaintiff had to pay for additional services to locate Defendants to be served Civil Summons.

WHEREFORE PLAINTIFF PRAYS for Judgment against defendants and each of them as follows:

1. Defendant Rhodes For the sum of $60,000 to be paid to State of Texas and $35,000 to be paid to FEMA. For Improper and Substandard Inspection and the value of its performance
2. PROMOTING PYRAMID PROMOTIONAL SCHEME each Defendants Donohue; Price; Brownlow; Housler; and Treinen $75,000.00
3. For Such other and further relief as the court may just and proper deem

November 1, 2019

*Robbye Rena Hannah*

Robbye Rena Hannah
1515 Grand Valley Drive
Houston, Texas 77090
Rrhannah8@gmail.com
Fax-832-442-5518
Cell-713-498-7240

Certified Document Number: 87919804 - Page 10 of 10



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 21, 2019

Certified Document Number:          87919804 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**